## UNITED STATES v. SWENSON.

### Cr. No. 32253.

United States District Court
E. D. New York.

July 14, 1953.

Morris E. Packer, Brooklyn, N. Y., for petitioner.

Leonard P. Moore, U. S. Atty. for Eastern District of New York, New York City, By: Phillip J. Hirsch, Asst. U. S. Atty., Brooklyn, N. Y., for respondent.

BYERS, District Judge.

This is a petition for a writ of error coram nobis, the prayer of which is that

the judgment of conviction bearing date June 24, 1932 be vacated and set aside for the alleged reason that the petitioner, William K. Swenson, who was the defendant named in the criminal cause bearing Docket No. 32253, was not represented by counsel at the time of the imposition of sentence, whereby his constitutional rights were violated, namely, the right of an accused person to the assistance of counsel.

The petition was filed on April 7, 1953, on which date an order was made appointing Morris E. Packer, an attorney of this court having an office at No. 26 Court Street, Brooklyn, to represent the petitioner in behalf of his application, and directing the United States Attorney for this District to show cause why the said judgment of conviction should not be vacated and set aside for the reason stated, and also whether the petitioner's presence at a hearing upon his said petition was necessary in order that the Court might be fully informed in the premises.

Mr. Packer accepted the designation and has since communicated with the petitioner and invited him to submit whatever evidence he might wish to have considered by the Court in disposing of the said petition.

An investigation of the records of the court made by the Probation Officer, Mr. Conrad Printzlien, brought to light the record of which a photostat is annexed to the affidavit of Assistant United States Attorney Phillip J. Hirsch, verified July 13 and filed on that day, in opposition to the petition.

The matter has appeared upon the calendar of this court several times since April 7, for the reason that the said probation record indicates that at the time of imposition of sentence the defendant was represented by assigned counsel, namely, Mr. William J. Wilson, and both Mr. Packer and Mr. Hirsch have requested adjournments of the hearing from time to time to enable them to secure the cooperation of Mr. William J. Wilson to the extent of consulting his office records and whatever memoranda he might have which would enable him to refresh his recollection concerning a happening of over twenty-one years ago.

I am satisfied from the statements of both gentlemen that Mr. Wilson is suffering from a severe illness which has interfered with an opportunity for them to interview him or his own ability to come to his office to consult his records, because for the past three months Mr. Wilson has been confined to his home.

The petition came before the undersigned because he was the sentencing Judge, but of course it is impossible to recall anything of this happening; it is equally true that during the year 1932 it was my custom whenever Mr. William J. Wilson was available, to ask him to accept assignments to represent defendants who could not employ their own counsel, and I am of the belief that the Mr. Wilson whose name appears in the photostatic copy of the probation records is the said Mr. William J. Wilson, who was formerly United States Commissioner and during the early 30's was an active practitioner in this court.

The indictment bearing the above number charged the defendant with the crime of forgery, to which he pleaded guilty; the plea having been accepted, the circumstances of the defendant were inquired into with the following result:

The defendant was shown to be a boy 16 years of age who had a public school education, was living with his family, and therefore a proper subject for probation; accordingly, a two-year sentence was imposed upon each count to which he had pleaded guilty and execution was suspended and he was placed on probation in accordance with the use and practice of the court.

It is my belief that the probation so ordered was the result of representations made by the defendant's attorney, either to the then probation officer of the court or to the presiding Judge. Whatever the fact is in that connection, I am satisfied that the defendant was represented by counsel as stated and that no reason has been shown why the judgment of the Court should be vacated as prayed in the

petition, and this conclusion has been arrived at after listening to oral argument by Mr. Packer, appearing for the defendant in this matter, and by Mr. Hirsch, the Assistant United States Attorney.

Accordingly the petition is denied, and the United States Attorney will settle an order to that effect.